United States District Court
Southern District of Texas
FILED

JUL 0 5 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-17-1046 |
| OMAR SOLIS<br>IVAR CANTU | § § | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### THE MEDICARE PROGRAM

1.  The Medicare program is a federally funded health care program designed to provide medical care to individuals over age 65 and individuals with disabilities. Medicare is administered by the Centers for Medicare and Medicaid Services, a federal agency under the U.S. Department of Health and Human Services. Medicare is a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2.  The Medicare program is divided into multiple parts: hospital insurance ("Part A") and medical insurance ("Part B"). Part B of the Medicare program covers the cost of physicians' services and other ancillary services not covered by Part A, including laboratory testing services such as toxicology screens.

3.  Individuals who qualify for Medicare benefits are commonly referred to as "beneficiaries." Each beneficiary is given a Medicare identification number, referred to as a Health Insurance Claim Number ("HICN").

1

## THE DEFENDANTS

4.     Defendant OMAR SOLIS, a resident of Hidalgo County, Texas, was employed as a laboratory technician at the medical clinic of Dr. Luis Arango in Mission, Texas (the "Arango Clinic").

5.     Defendant IVAR CANTU, a resident of Hidalgo County, Texas, was an account representative for Quality Toxicology, LLC, located in San Antonio, Texas ("Quality Toxicology"). Quality Toxicology provided clinical laboratory services, including toxicology testing.

## COUNT ONE
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
### (18 U.S.C. §§ 1347, 1349)

6.     The Grand Jury incorporates by reference paragraphs 1 through 5 as though fully restated and re-alleged herein.

7.     From in or about May 2015 to in or about December 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**OMAR SOLIS**
**and**
**IVAR CANTU**

did conspire and agree with other persons known and unknown to the Grand Jury, to knowingly and willfully, in violation of Title 18, United States Code, Section 1347, execute a scheme and artifice to defraud the health care benefit program known as Medicare or to obtain, by false or fraudulent pretenses, representations, or promises, any of the money and or property owned by or under the control of said health care benefit programs in connection with the delivery of or payment for health care benefits, items, and medical services.

## OBJECT OF CONSPIRACY

8. The object and purpose of the conspiracy and scheme was for OMAR SOLIS and IVAR CANTU to unlawfully enrich themselves and others by causing Quality Toxicology to submit false and fraudulent Medicare claims for laboratory testing services that were not medically necessary, not authorized by a physician, and not consented to by the patient.

## MANNER AND MEANS

9. In order to execute and carry out their illegal activities, defendants OMAR SOLIS and IVAR CANTU conspired, between themselves and with others, and committed, aided and abetted the commission, or otherwise caused others to commit, one or more of the following acts:

   a) Fraudulently submitted a Physician Account Registration form relating to the Arango Clinic to Quality Toxicology without authorization or approval of Dr. Luis Arango or the Arango Clinic.

   b) Submitted numerous requests for toxicology screens to Quality Toxicology that were not medically necessary and were not authorized or approved by Dr. Luis Arango.

   c) Forged patient signatures consenting to the submission of the toxicology testing requests to Quality Toxicology.

   d) Misappropriated patient information such as name, address, and birthdate in connection with the submission of the toxicology testing request forms to Quality Toxicology.

   e) Misappropriated urine specimens from patients of the Arango Clinic, that were intended for routine in-house testing, to send to Quality Toxicology in connection with the fraudulent toxicology testing requests.

   f) Collected commissions and payments from Quality Toxicology based on the submission of fraudulent toxicology testing requests.

   g) As a reasonably foreseeable consequence of the submission of the fraudulent toxicology testing requests, Quality Toxicology submitted claims to Medicare based on the fraudulent requests in the amount of $836,788.00.

   h) Altered patient medical records to support the fraudulent toxicology testing requests.

i) In order to conceal the fraudulent scheme, OMAR SOLIS made threats against an employee of the Arango Clinic who learned about the scheme.

All in violation of Title 18, United States Code, Sections 1347 and 1349.

## COUNTS TWO THROUGH NINE
## HEALTH CARE FRAUD
## (18 U.S.C. § 1347)

10. The Grand Jury incorporates by reference paragraphs 1 through 5 and paragraph 9 as though fully restated and re-alleged herein.

11. From in or about May 2015 to in or about December 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**OMAR SOLIS**
**and**
**IVAR CANTU**

did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Medicare, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Medicare, in connection with the delivery of, or payment for, health care benefits, items, or services. The defendants submitted, and aided, abetted, counseled, commanded, induced, procured or otherwise facilitated and caused others or attempted to cause others to submit, false and fraudulent claims to Medicare, based upon toxicology screens that were not medically necessary and were not authorized by a physician:

| Count | Patient Initials | Patient Birth Year | Date Fraudulent Toxicology Screen Submitted (on or about) | Amount Billed to Medicare | Reason Claim was Fraudulent |
|---|---|---|---|---|---|
| 2 | J.G. | 1949 | June 25, 2015 | $4,372 | Not Medically necessary, not authorized by physician, patient consent forged. |

4

| Count | Patient Initials | Patient Birth Year | Date Fraudulent Toxicology Screen Submitted (on or about) | Amount Billed to Medicare | Reason Claim was Fraudulent |
|---|---|---|---|---|---|
| 3 | W.D. | 1941 | July 22, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |
| 4 | N.L. | 1947 | August 6, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |
| 5 | M.G. | 1933 | September 3, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |
| 6 | J.S.M. | 1954 | October 15, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |
| 7 | A.F. | 1938 | October 28, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |
| 8 | R.G. | 1948 | November 2, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |
| 9 | M.S. | 1940 | November 15, 2015 | $4,220 | Not Medically necessary, not authorized by physician, patient consent forged. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

**COUNTS TEN THROUGH SEVENTEEN**
**AGGRAVATED IDENTITY THEFT**
**(18 U.S.C. § 1028A)**

12. The Grand Jury incorporates by reference paragraphs 1 through 5 and paragraph 9 as though fully restated and re-alleged herein.

13. From in or about May 2015 to in or about December 2015, in the Southern District of Texas and elsewhere, the defendants,

**OMAR SOLIS**
and
**IVAR CANTU**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, did knowingly transfer, possess, or use or cause others to transfer, possess, or use, without lawful authority, a means of identification of another person:

| Count | Patient Initials | Patient Birth Year | Date Fraudulent Toxicology Screen Submitted (on or about) | Means of ID Used Without Lawful Authority |
|---|---|---|---|---|
| 10 | J.G. | 1949 | June 25, 2015 | Patient's name, address, date of birth, and forged signature |
| 11 | W.D. | 1941 | July 22, 2015 | Patient's name, address, date of birth, and forged signature |
| 12 | N.L. | 1947 | August 6, 2015 | Patient's name, address, date of birth, and forged signature |
| 13 | M.G. | 1933 | September 3, 2015 | Patient's name, address, date of birth, and forged signature |
| 14 | J.S.M. | 1954 | October 15, 2015 | Patient's name, address, date of birth, and forged signature |
| 15 | A.F. | 1938 | October 28, 2015 | Patient's name, address, date of birth, and forged signature |
| 16 | R.G. | 1948 | November 2, 2015 | Patient's name, address, date of birth, and forged signature |
| 17 | M.S. | 1940 | November 15, 2015 | Patient's name, address, date of birth, and forged signature |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

**COUNT EIGHTEEN**
**AGGRAVATED IDENTITY THEFT**
**(18 U.S.C. § 1028A)**

14. The Grand Jury incorporates by reference paragraphs 1 through 5 and paragraph 9 as though fully restated and re-alleged herein.

6

15. Beginning in or about May 2015 to in or about December 2015, in the Southern District of Texas and elsewhere, the defendants,

**OMAR SOLIS**
and
**IVAR CANTU**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, did knowingly transfer, possess, or use or cause others to transfer, possess, or use, without lawful authority, a means of identification of another person, to wit: the name, address, and National Provider Identifier of Dr. Luis Arango on a Physician Account Registration submitted to Quality Toxicology in or around June 2015.

All in violation of Title 18, United States Codes, Sections 1028A and 2.

## NOTICE OF FORFEITURE
(18 U.S.C. § 982(a)(7))

16. Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the criminal offenses charged in Counts 1 through 6 of this Indictment, the United States of America gives the defendants,

**OMAR SOLIS**
and
**IVAR CANTU**

notice that upon the conviction of either for a health care offense, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offense, is subject to forfeiture.

### Money Judgment

17. The defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which is in the amount of at

least $166,866.78, the amount paid by the Medicaid program based on the fraudulent claims.

## Substitute Assets

18. The defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

_____
ANDREW R. SWARTZ
ASSISTANT UNITED STATES ATTORNEY