United States District Court
Southern District of Texas
**ENTERED**
January 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 7:17-cr-01046-2 |
| § | |
| IVAR CANTU § | |

## OPINION AND ORDER

The Court now considers Movant Ivar Cantu's "Motion for Compassionate Release" received on December 27, 2021.[1] Movant again seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court has repeatedly confronted this exact issue. On December 18, 2020, Movant moved for compassionate release.[2] The Court granted compassionate release.[3] The United States government promptly moved for reconsideration, revealing that Movant had not disclosed that he had already contracted COVID-19 and other factors that mitigated the compelling and extraordinary circumstances that were the grounds for the Court's grant of compassionate release.[4] Upon reconsideration, the Court rescinded its grant of compassionate release.[5] On March 26, 2021, the Court again revisited the issue upon Movant's request for reconsideration. The Court denied reconsideration.[6] The instant motion for compassionate release is therefore the fourth time the Court confronts the question of whether Movant's compassionate release is warranted.

However, as Movant should be well-aware, he must first exhaust his administrative remedies before the Court may consider or reconsider compassionate release.[7] Moreover, the

---

[1] Dkt. No. 194.
[2] Dkt. No. 173.
[3] Dkt. No. 174.
[4] Dkt. No. 175.
[5] Dkt. No. 176.
[6] Dkt. No. 182.
[7] *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir.), *cert. denied,* No. 20-5997, 141 S. Ct. 920 (2020) (mem.); *see United States v. Edwards*, 456 F. Supp. 3d 953, 963, 966 (M.D. Tenn. 2020) (collecting cases rejecting the

exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release.[8] Here, Movant includes only a November 10, 2020 letter by the Acting Warden rejecting Movant's compassionate release request.[9] Movant could not have submitted, and his warden could not have considered, any reasons warranting compassionate release that developed in 2021 or 2022. Nevertheless, the instant motion cites 2021 developments as grounds for compassionate release.[10] Accordingly, Movant has not exhausted his administrative remedies with respect to his present grounds for seeking compassionate release. The Court is therefore unable to consider or grant compassionate release for the reasons Movant advances. Movant's motion is **DENIED WITHOUT PREJUDICE**.[11]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 5th day of January 2022.

                                                                                     _____
                                                                                            Micaela Alvarez
                                                                                 United States District Judge

---

proposition that the administrative exhaustion requirement can be waived); *United States v. Britton*, 473 F. Supp. 3d 14, 21–22 (D.N.H. 2020) (holding the exhaustion requirement is not subject to equitable or exigent exceptions).
[8] *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).
[9] Dkt. No. 194-2 at 8.
[10] *See* Dkt. No. 194 at 2, ¶ (b).
[11] Dkt. No. 194.